EL PUEBLO v. DESSUS.

Apelación procedente de la Corte de Distrito de Ponce.

No. 12.   Resuelto en Mayo 31, 1905.

JUICIO.—SUSPENSIÓN DEL MISMO.—La circunstancia de que habiendo sido citado un acusado para un juicio por jurado, se le haya juzgado por el Tribunal de derecho, por ser aquel juicio improcedente, no puede estimarse lesiva de los derechos del acusado, ni es motivo suficiente para acordar la suspensión del juicio, pues los mismos elementos de prueba que había de utilizar ante el jurado, podía utilizarlos en el juicio ante el Tribunal de derecho.

APELACIÓN.—PLIEGO DE EXCEPCIONES.—RELACIÓN DE HECHOS.—No habiendo pliego de excepciones, ni relación de hechos, ni apareciendo que se haya cometido algún error que perjudique los derechos substanciales del acusado, la sentencia apelada debe ser confirmada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Hernández López.*

Abogado del apelado: *Sr. Rossy,* Fiscal.

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la siguiente opinión del Tribunal.

El presente es un recurso de apelación interpuesto por Luis Felipe Dessus contra sentencia del Tribunal de Distrito de Ponce en causa por el delito menos grave de libelo infamatorio.

Con fecha 3 de Marzo del año próximo pasado, el Fiscal del referido Distrito formuló acusación que firmó y juró, contra Luis Felipe Dessús por el delito menos grave de libelo infamatorio, concebida en los términos siguientes:

"En la Ciudad de Ponce, Distrito Judicial del mismo nombre, y con fecha 14 de Diciembre de 1903, Luis Felipe Dessús publicó en las columnas del "Aguila de Puerto Rico" un artículo con el rubro "El déspota yanqui" firmado con el pseudónimo "Marat". En dicho artículo el Sr. Dessús, voluntaria y maliciosamente virtió frases y conceptos tendentes á injuriar la honradez, integridad y buena fama de Mr. S. W. Eckman, exponiéndole así al odio y desprecio público. Este hecho es contrario á la ley para tal caso prevista y á la paz y dignidad de "El Pueblo de Puerto Rico."

Dessús negó la acusación y presentó escrito al Tribunal manifestando el deseo de ser juzgado por un Jurado; y la Corte de Ponce en 23 de Marzo citado suspendió la vista pública de la causa señalada para ese día, y ordenó se tuviera en cuenta la manifestación del acusado al tiempo de señalar las causas que habían de ser vistas por jurado.

En 15 de Junio del propio año se constituyó el Tribunal para la vista de la causa, estando presentes el Fiscal y el acusado, como también el Abogado defensor de éste, el Presidente del Tribunal manifestó que según la ley de la Asamblea Legislativa publicada en 10 de Marzo de 1904 regulando los juicios por jurado, el juicio por libelo no podía celebrarse por Jurado sino ante el Tribunal de derecho, como así lo confirmaba también una sentencia de esta Corte Suprema, con lo que estuvo conforme el Fiscal; pero el Letrado del acusado hizo oposición y pidió el aplazamiento del juicio, alegando que había preparado toda su prueba para comparecer ante un Jurado y no ante un Tribunal de Derecho; y como la representación del acusado no expusiera otros motivos en apoyo de su pretensión, el Tribunal resolvió que no debía aplazarse la celebración del juicio, toda vez que los mismos elementos de prueba que la defensa tenía para utilizarlos ante un Jurado, podría utilizarlos ante el Tribunal de Derecho, habiendo tomado la defensa excepción fundada en que la citación se había hecho para comparecer ante un Tribunal y en el acto del juicio se encontraba con otro Tribunal distinto.

Practicadas las pruebas propuestas, entre las que figuraba el artículo constitutivo del delito de libelo, la Corte de Ponce en diez y siete de Junio citado dictó contra Dessús veredicto de culpable; y habiendo preguntado al acusado sobre si tenía causa legal que exponer para que no se dictara sentencia condenatoria, contestó que la causa que tenía que alegar era la misma ya alegada en el

acto del juicio, por lo que pedía se le concediera un nuevo juicio, á cuya pretensión se opuso el Tribunal y pronunció sentencia en el mismo día condenando á Dessús á la pena de seis meses de cárcel y pago de costas.

Contra esta sentencia interpuso Dessús recurso de apelación que le fué admitido, y fueron elevadas las copias correspondientes á esta Corte Suprema, sin que en ellas aparezca el artículo calificado de injurioso, ni pliego alguno de excepciones, ni exposición de hechos.

El Abogado defensor del apelante en su alegato ante esta Corte Suprema manifestó que como en el record no se insertaba el escrito que contenía las frases y conceptos que se suponen constitutivos del libelo, no podía entrar en el exámen de esas frases y conceptos, y se limitaba á expresar que Dessús no tuvo intención de herir la reputación del Inspector de Escuelas Sr. Eckman, sino de exponer al público hechos de un empleado expuesto á censuras como todos los que ejercen cargos públicos, reproduciendo además la excepción tomada en la Corte inferior por la defensa de Dessús, por todo lo cual solicitaba la nulidad de lo actuado y la celebración de un nuevo juicio.

El Fiscal pidió se declarara sin lugar el recurso con las costas al pelante.

Hemos examinado las copias de autos elevadas á esta Corte Suprema, y ciertamente en ellas no aparece la copia del impreso estimado injurioso; pero la parte apelante pudo traer al record oportunamente dicha copia, y suya es la culpa sino ha podido utilizarla en apoyo del recurso; aparte de que tampoco era necesaria, pues el acusado aceptó la acusación en la forma en que fué hecha, sin oponer reparo alguno contra la misma, como pudo hacerlo ejercitando el derecho que le reconoce el artículo 153 del Código de Enjuiciamiento Criminal.

Vemos también que el acusado tomó excepción por habérsele denegado la suspensión que solicitó del juicio,

fundado en que habiendo sido citado para un juicio por jurado, se le Juzgaba por un Tribunal de Derecho; pero no por ello puede afirmarse que semejante resolución tendiera á perjudicar los derechos de aquél, pues no le fué denegada prueba alguna de las que propuso y ante un Tribunal de Derecho pueden utilizarse los mismos elementos de prueba que se utilizan ante un Jurado.

Como las excepciones alegadas no afectan los derechos sustanciales de la parte apelante, vistos los artículos 362 del Código de Enjuiciamiento Criminal y 1o. de la Ley de la Asamblea Legislativa aprobada en Mayo 30 de 1904, sobre revocación de sentencias en causas criminales y enmienda del artículo 145 del Código citado, procede se confirme la sentencia apelada con las costas del recurso á cargo de Luis Felipe Dessús.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Figueras, MacLeary y Wolf.